UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

PATRICK COLLINS, INC.,

          Plaintiff,

v.

JOHN DOES 1–28,

          Defendants,
_____/

Case No. 12-cv-13670

Hon. Thomas L. Ludington

**ORDER GRANTING MOTION FOR LEAVE TO SERVE THIRD-PARTY SUBPOENAS**

      This copyright infringement case commenced on August 19, 2012, when Plaintiff Patrick Collins, Inc., filed against twenty-eight unnamed defendants. ECF No. 1. The complaint alleges that Defendants reproduced, distributed, and displayed Plaintiff's copyrighted motion picture through peer-to-peer file sharing.

      The same day that Plaintiff filed the complaint, Plaintiff also filed a motion for leave to serve third-party subpoenas prior to a Rule 26(f) conference. ECF No. 2. Plaintiff explains that because "Defendants used the Internet to commit their infringement, Plaintiff only knows Defendants by their Internet Protocol ("IP") addresses." Accordingly, to discover Defendants' identities, "Plaintiff seeks leave of Court to serve a Rule 45 subpoena on the ISPs and any related intermediary ISPs."

      Federal Rule of Civil Procedure provides that parties may generally serve discovery only after a Rule 26(f) conference, "except. . . when authorized by . . . court order." Fed. R. Civ. P. 26(d)(1). To determine whether to authorize expedited discovery in a particular case, at least one court in this district has applied a "good cause" standard

Based on the allegations in the complaint and the representations in Plaintiff's motion, good cause for expedited discovery is appropriate — Defendants must be identified before this suit can progress further. *See, e.g.*, *Arista Records LLC v. Does 1-19*, 551 F. Supp. 2d 1, 6 (D.D.C. 2008) (noting "the overwhelming number of cases where courts have . . . permitted expedited discovery in circumstances similar to the present."); *Interscope Records v. Does 1–14*, Civ. A. No. 07–4107, 2007 WL 2900210, *1 (D. Kan. Oct. 1, 2007) (finding "good cause" for expedited discovery); *Warner Bros. Records, Inc. v. Does 1–14*, Civ. A. No. 07–424, 2007 WL 1960602, *1 (D. Utah July 5, 2007) (same); *see generally* Robert G. Larson & Paul A. Godfread, *Bringing John Doe to Court: Procedural Issues in Unmasking Anonymous Internet Defendants*, 38 Wm. Mitchell L. Rev. 328, 336–51 (2011).

Accordingly, it is **ORDERED** that Plaintiff's motion for leave to serve third-party subpoenas prior to a Rule 26(f) conference (ECF No. 2) is **GRANTED**.

It is further **ORDERED** that Plaintiff may serve each of the ISPs with a Rule 45 subpoena commanding each ISP to provide Plaintiff with the true name, address, telephone number, e-mail address and Media Access Control address of the Defendant to whom the ISP assigned an IP addresses listed in exhibit B to Plaintiff's motion (ECF No. 2-4).

                                                s/Thomas L. Ludington
                                                THOMAS L. LUDINGTON
                                                United States District Judge

Dated: August 31, 2012

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 31, 2012.

                        s/Tracy A. Jacobs
                        TRACY A. JACOBS