UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

PATRICK COLLINS, INC.,

        Plaintiff,

v.                                                 Case Number 12-13670
                                                    Honorable Thomas L. Ludington
JOHN DOES 1–28,

        Defendants.
_____/

## ORDER STRIKING PLEADING OF JOHN DOE #16

      This copyright infringement case commenced on August 19, 2012, when Plaintiff Patrick Collins, Inc. filed a complaint against twenty-eight unnamed defendants. ECF No. 1. The complaint alleges that Defendants reproduced, distributed, and displayed Plaintiff's copyrighted motion picture through peer-to-peer file sharing.

      On October 18, 2012, John Doe #16 filed a motion to dismiss the claims against him or, alternatively, to quash the subpoena issued to his internet service provider. ECF No. 9. He did not, however, sign the pleading with either his name, address, e-mail address, or telephone number. Federal Rule of Civil Procedure 11(a) provides:

> Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name — or by a party personally if the party is unrepresented. The paper must state the signer's address, e-mail address, and telephone number. Unless a rule or statute specifically states otherwise, a pleading need not be verified or accompanied by an affidavit. The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.

More broadly, there is a presumption "against anonymous pleading because there is a First Amendment interest in public proceedings, and identifying the parties to an action is an important part of making it truly public." *K-Beech, Inc. v. Does 1-29*, 826 F. Supp. 2d 903, 904–05 (W.D.N.C. 2011) (quotation marks omitted) (quoting *Luckett v. Beaudet*, 21 F. Supp. 2d 1029, 1029 (D. Minn.1998).

"While a party who wishes to proceed anonymously may overcome this presumption by filing a well-reasoned motion to proceed anonymously," courts caution that "it is the exceptional case in which a party may proceed under a fictitious name." *K-Beech*, 826 F. Supp. 2d at 905 (alterations omitted) (quoting *Doe v. Frank,* 951 F.2d 320, 322 (11th Cir. 1992); *see, e.g.*, *Liberty Media Holdings, LLC v. Swarm Sharing Hash File*, 821 F. Supp. 2d 444, 453 (D. Mass. 2011) ("The potential embarrassment to Does 1–38 of being associated with allegations of infringing hardcore pornography does not constitute an exceptional circumstance that would warrant allowing the defendants to proceed anonymously.").

Here, John Doe #16 has not filed a motion to proceed anonymously nor demonstrated an "exceptional circumstance" that would authorize him proceeding under a fictitious name. The unsigned pleading must be stricken.

Accordingly, it is **ORDERED** that John Doe #16's motion to dismiss (ECF No. 9) is **STRICKEN**.

Dated: October 31, 2012    s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 31, 2012.

       s/Tracy A. Jacobs
       TRACY A. JACOBS