## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

PATRICK COLLINS, INC.,      )
                                )

      Plaintiff,         )    Civil Case No. <u>1:12-cv-13670-TLL-CEB</u>
                                )

v.                             )
                                )

JOHN DOES 1-28,        )
                                )

      Defendants.      )
_____)

### PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO QUASH SUBPOENA [DKT 5]

Plaintiff respectfully requests the Court deny Defendant's motion. Rule 45(c)(3) provides that a court must modify or quash a subpoena that fails to allow a reasonable time to comply; requires a non-party to travel more than 100 miles (except for trial within the state); requires disclosure of privileged materials; or, subjects a person to undue burden. <u>See</u> Fed. R. Civ. P. 45(c)(3)(A)(i-iv). The Rule also provides for circumstances in which a court may modify or quash a subpoena. These circumstances are when the subpoena requires disclosure of trade secrets; disclosure of certain expert opinions; or, requires a nonparty to incur substantial expense to travel more than 100 miles to attend a trial. <u>See</u> Fed. R. Civ. P. 45(c)(3)(B)(i-iii).

Here, Defendant's motion merely consists of a denial of infringement. Denials of infringement are not a basis to quash the subpoena and are premature at this point in the litigation process. <u>See</u> <u>Voltage Pictures, LLC v. Does 1-5,000</u>, 818 F. Supp. 2d 28, 35 (D.D.C. 2011) ("A general denial of engaging in copyright infringement is not a basis for quashing the plaintiff's subpoena.") The Court in <u>Voltage</u> noted that general denials of liability were not a basis to quash a subpoena and prevent Plaintiff from learning the identity of the subscriber of the

IP address.  If this were the case, Plaintiff would be denied critical information necessary in order to address the merits of the claim.

> It may be true that the putative defendants who filed motions and letters denying that they engaged in the alleged conduct did not illegally infringe the plaintiff's copyrighted movie, and the plaintiff may, based on its evaluation of their assertions, decide not to name these individuals as parties in this lawsuit. On the other hand, the plaintiff may decide to name them as defendants in order to have an opportunity to contest the merits and veracity of their defenses in this case. In other words, if these putative defendants are named as defendants in this case, they may deny allegations that they used BitTorrent to download and distribute illegally the plaintiff's movie, present evidence to corroborate that defense, and move to dismiss the claims against them. A general denial of liability, however, is not a basis for quashing the plaintiff's subpoenas and preventing the plaintiff from obtaining the putative defendants' identifying information.

Id.  (Emphasis added.)

Plaintiff will take Defendant's circumstances into consideration when considering whether to move forward with the litigation process.  That being said, Plaintiff should be allowed to receive Defendant's information and confirm that Defendant's statements are true. Defendant's statements are not made under oath, and provide no supporting evidence.  Without more, Plaintiff cannot drop Defendant from the case.

This Court has extensively considered the issue of settlements in BitTorrent infringement cases, noting that it is not a basis to quash a subpoena.  Earlier this month the Honorable Judge Komives found it would be improper to judge Plaintiff based on allegations in other cases.

> Finally, defendants contend that the subpoenas should be quashed because the whole suit is merely an attempt to extort settlements from potentially innocent individuals by using threats of statutory penalties and embarrassment, an argument that has swayed some courts. Absent any evidence that this particular plaintiff has engaged in such tactics here or in other lawsuits–and defendants makes no such allegation–the Court finds this argument unpersuasive. "Our justice system allows plaintiffs who have made allegations in accordance with procedural rules and substantive law, as [p]laintiff has done here, to proceed with their cases." *Malibu Media, LLC v. Does 1-16*, No. 12-2078, 2012 WL 4717893, at *10 (E.D. Pa. Oct. 3, 2012). In the absence of evidence that this particular plaintiff has abused the Court's process, it is inappropriate to hold plaintiff guilty by association. *See Malibu Media, LLC v Does 1-5*, ___ F. Supp. 2d ___, ___,

2

2012 WL 3641291, at *5 (S.D.N.Y. Aug. 24, 2012); *Third Degree Films v. Does 1-36*, No. 11-cv-15200, 2012 WL 2522151, at *11 (E.D. Mich. May 29, 2012) (Michelson, M.J.); *Patrick Collins, Inc. v. John Does 1-54*, No. 11-1602, 2012 WL 911432, at *3 (D. Ariz. Mar. 19, 2012).

NuCorp, Inc. v. John Does 1-24, 2:11-cv-15222-BAF-PJK, *11 (E.D. Mich. Oct. 18, 2012) (Exhibit A) (emphasis added).  Plaintiff does not desire for any defendant to unnecessarily enter into settlements when they are not the infringer and as Judge Komives noted, Plaintiff is aware of its Rule 11 obligation to file suits against only those it has a reasonable belief did infringe.  For these reasons, Plaintiff does not oppose a Defendant's request to proceed anonymously.  Plaintiff cannot, however, make a reasonable decision as to whether to pursue its claim against a defendant when it is not afforded the opportunity to receive defendant's identity.

        For the foregoing reasons, Plaintiff respectfully requests the Court deny the subject motion.

        Dated: October 31, 2012

                                Respectfully submitted,

                                NICOLETTI & ASSOCIATES, PLLC

                        By:      /s/ *Paul J. Nicoletti*
                                Paul J. Nicoletti, Esq. (P44419)
                                36880 Woodward Ave, Suite 100
                                Bloomfield Hills, MI 48304
                                Tel:  (248) 203-7800
                                Fax:  (248) 203-7801
                                E-Fax: (248) 928-7051
                                Email:  paul@nicoletti-associates.com
                                *Attorney for Plaintiff*

3

## CERTIFICATE OF COMPLIANCE

Pursuant to MI R USDCTED LR 5.1(a) I hereby certify that the PLAINTIFF'S MEMORANDUM IN OPPOSITION has been prepared using one of the font and point selections approved by the Court in MI R USDCTED LR 5.1(a)(3).   This document was prepared using Times New Roman (12 pt.).

Dated: October 31, 2012

By:     /s/ *Paul J. Nicoletti*

## CERTIFICATE OF SERVICE

I hereby certify that on October 31, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By:     /s/ *Paul J. Nicoletti*